This is a suit based on an alleged oral contract of rent of a small tract of land in Calcasieu Parish on which was located an oil well drilling rig and equipment belonging to the defendant. It appears from the testimony that the land involved is cut-over and comprises approximately three quarters of an acre. Plaintiff and his coheirs own the land jointly and he was given authority to represent them in this proceeding.
In the petition it is alleged that the defendant agreed and promised to pay rent for the use of the said property at the rate of $15 per month, beginning December 1, 1940, but that he has never paid any part thereof notwithstanding amicable demand. Although it is alleged that they are entitled to any future amounts of the rental due as long as the defendant's property remains on the land, it is observed that plaintiffs pray for judgment only in the sum of $315, the amount of the accrued rent to the date of the filing of this suit. A writ of provisional seizure was asked for and obtained under which the property on the premises was seized but on proper showing was subsequently released under bond.
The defendant in his answer denies that there was any contract of lease entered into between himself and the plaintiffs and avers that the material left on their land did not occupy more than two acres, the rental value of which did not exceed $1.00 per acre per year. Further answering he avers that he took over and completed the drilling of an oil well on the land, under a contract of lease; that it was agreeable with the plaintiffs for the equipment to remain pending its removal and that at no time after the abandonment of the well as a dry hole did the plaintiffs make any claim for rent against him until a short time prior to the filing of this suit.
After trial the district court rendered judgment in favor of the plaintiff not only for the amount prayed for by him but awarded him $15 per month additional rent as long as defendant's property remained on the land. From that judgment defendant took and perfected this appeal.
The issue involved in the case is whether or not there was an agreement and promise on the part of the defendant, such as is relied on by plaintiff and his co-heirs, to pay $15 per month for the use of their property as long as it was occupied by his oil rig and machinery. Plaintiff, who instituted the suit, is the only witness who testifies to such an agreement and his testimony is directly contradicted by the defendant. As a matter of fact plaintiff's own testimony is none too positive that there ever was any definite agreement for rental at all. When asked the direct question if they had ever so agreed, he answers: "Yes, in a way we did. Mr. Stickney said he would come back within a week or ten days and move it (the equipment) or fix the rental on the land; and he said `I don't think they would charge me over ten or fifteen dollars a month' I told him that I would have to talk to the rest of them (meaning his co-owners) and get their consent." This version of their conversation is denied by the defendant who *Page 331 
says that at that time the well had been abandoned; that he told plaintiff that he had suffered a considerable loss and that he would like for him to let the rig remain on the property for a while until he could possibly find some use for it in the neighborhood. He told plaintiff that if it was alright with him he would like to leave it there for about a month or six weeks. He afterwards paid the plaintiff and a young boy each $2.50 per day as watchmen and also hired plaintiff's brother to remove those pieces of material which were loose and could be easily picked up, to a tract of land which he owned in that vicinity. He denies ever having had any other conversation with plaintiff about the matter and never knew that there would be a claim made for rent until he received a letter dated March 30, 1942, in which demand was made on him for payment.
This letter of March 30, 1942, was a demand on the defendant for sixteen months rent at the rate of $15 per month and his attention is called to the fact that during that time no attempt, nor even the offer of any payment of the rental due was ever made on his part. This letter was answered on April 10, 1942, by a letter of the defendant in which he states that he did not reply before because he had not been well. He advises plaintiff that he was going to Vinton on the following Monday and states that he would like to see him. Counsel for plaintiff strongly contends that defendant's failure to repudiate the contract or to deny any claim for rent in reply to the letter of March 30, 1942, implies an acknowledgment of the agreement on his part. If defendant's reply letter did not specifically deny any claim for rent, however, it certainly cannot be construed as admitting anything and to the contrary it indicated that he wanted to discuss the matter further with the plaintiff. True, he did not go to Vinton at the time he stated he would, but testifies that he sent plaintiff a telegram advising him that he was ill and could not leave. Eventually, about two weeks before suit was filed, they did meet and discussed the matter and at that time, according to plaintiff's own testimony defendant told him that $15 per month was too high a rental. Defendant states that at that discussion he offered to settle for $100 and that plaintiff then told him that that would be alright with him but that he would have to submit the matter to his co-heirs. That was the last he knew of it until suit was filed shortly thereafter.
The testimony of a competent and disinterested witness shows that $15 a month is altogether out of line for rent of the land involved in this suit by comparison with the value of lands of that character in the same locality.
Under the testimony as we view it, we cannot agree with the trial judge that the plaintiff has made out his case with that degree of certainty which the law requires. We think, however, that the defendant should be held to his offer of $100 which, in our opinion, is a fair value for the use he made of the land. The judgment will therefore be amended in order to conform with our views in the case.
For the reasons stated it is now ordered that the judgment appealed from be amended by reducing the amount of the award from the sum of $315 to the sum of $100 and by eliminating that part which awards the plaintiffs the additional sum of $15 per month or fraction thereof, from August 31, 1942, as long as defendant's equipment remains on the plaintiff's land, and that as thus amended, the said judgment be affirmed.
It is further ordered that the plaintiff pay all costs of this appeal.